## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| **LAURA and BEN WOOD., as** | ) | |
| **parents and natural guardians** | ) | |
| **of E.A.W., a minor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | _____ |
| | ) | |
| **ROCKY TOP PHARMACY, INC.** | ) | |
| **d/b/a LONGLEY PHARMACY,** | ) | |
| **JERRY GRIMMITT, and** | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW,** Laura and Ben Wood, as parents and natural guardians of

E.A.W., a minor, Plaintiff herein, and files this Complaint against Rocky Top, Inc.

d/b/a Longley Pharmacy ("Longley Pharmacy"), Jerry Grimitt, and John Doe and

shows this Honorable Court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiffs Laura Wood and Ben Wood are the parents and natural guardians

of the minor child E.A.W. and are citizens and residents of 275 Justice Drive,

Anniston, Calhoun County, Alabama, 36207.

2.

Defendant Rocky Top Pharmacy, Inc. d/b/a Longley Pharmacy is a corporation doing business in the state of Georgia that may be served by serving its registered agent for service of process, Jerry Vance Grimmitt, 758 Chickamauga Avenue, Rossville, Walker County, Georgia 30741. Longley Pharmacy has an office, owns, operates and/or transacts business as Longley's Pharmacy at its 758 Chickamauga Avenue, Rossville, Walker County, Georgia 30741 location. It is a joint tortfeasor with the other defendants and is subject to the jurisdiction and venue of this court.

3.

Defendant Jerry Grimmitt is a resident of Georgia and at all times relevant hereto was an employee or contractor of Longley's Pharmacy. He is a joint tortfeasor with the other defendants and is subject to the jurisdiction and venue of this court. He may be served at work at Longley's Pharmacy at 758 Chickamauga Avenue, Rossville, Georgia or at 2196 Gourge Road, Henagar, Georgia 35978.

4.

Defendant John Doe is a resident of Georgia and at all times relevant hereto was an employee or contractor of Longley Pharmacy. He/she is a joint is joint

tortfeasor with the other defendants and is subject to the jurisdiction and venue of this court. He/she may be served at work at Longley Pharmacy at 758 Chickamauga Avenue, Rossville, Georgia.

5.

There is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy in this matter exceeds $75,000.00.

6.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

7.

This Court has personal jurisdiction over Defendants pursuant to Georgia's Long Arm statute, because Defendants committed a tortious act or omission within the state of Georgia and within the Rome Division of the Northern District of Georgia as set forth herein. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## RELEVANT FACTS

8.

At all times relevant hereto, Rocky Top Pharmacy, Inc. d/b/a Longley Pharmacy owned and operated a pharmacy in Rossville, Georgia.

9.

Defendant Rocky Top Pharmacy, Inc. d/b/a Longley Pharmacy is the employer or contracting entity for defendants Jerry Grimmitt and John Doe.

10.

E.A.W. is a minor female child with a diagnosis of autism spectrum disorder, speech delay and sensory processing disorder.

11.

To aid in her sleep, E.A.W. regularly takes a 50 microgram dose of the drug Clonidine every night prior to going to bed.

12.

In March of 2015, E.A.W. and her mother took a trip to visit her grandmother in Georgia.

13.

Prior to their vacation, Plaintiffs' obtained a prescription for E.A.W.'s regular dose of Clonidine from her primary physician Dr. Dove D. Watkin.

14.

On or about January 27, 2015, Dr. Dove D. Watkin wrote a prescription for E.A.W.'s regular dose of the medication clonidine. Specifically, the prescription called for "clonidine (AKA CATAPRES) 20 mcg/ml oral solution." A true and accurate copy of the prescription is attached and incorporated hereto as Exhibit "A."

15.

Upon arriving to Georgia, Plaintiff's submitted the prescription at Longley Pharmacy.

16.

Upon information and belief, the prescription was filled and compounded by pharmacist, Jerry Grimmitt and John Doe.

17.

Defendant Grimmitt and John Doe erroneously filled and compounded the prescription to 6.25 *milli*grams of Clonidine or 125 times the prescribed dosage.

18.

On or about March 30, 2015, Defendants dispensed the medication to Plaintiffs.

19.

The medication was in contained in a liquid prescription bottle which failed to provide the compounded amounts. A true and accurate picture of the prescription bottle is attached and incorporated hereto as Exhibit "B."

20.

Plaintiffs did not know, nor had any way of knowing, that the medication was not filled with the prescribed dose or contained elevated amounts of Clonidine.

21.

On or about March 30, 2015, Plaintiffs administered E.A.W. her typical dose from the medication received from Langley Pharmacy.

22.

E.A.W. woke several times during the night crying and screaming.

23.

On the morning on March 21, 2015, E.A.W. appeared disoriented, exhausted, and had difficulty moving and standing up.

24.

Plaintiffs' contacted Langley Pharmacy and were informed by Defendant Jerry Grimmitt that the prescription was not filled correctly and that E.A.W. had received 125 times the prescribed dosage.

25.

As a result of her ingestion of the improperly filled and compounded prescription, E.A.W. was taken to the emergency department of Hutchenson Medical Center and admitted for Clonidine overdose.

26.

Upon her admittance to the emergency department at Hutcheson Medical Center, E.A.W. was somnolent and ataxic and treated for bradycardia and Clonidine overdoes.

27.

After a consultation with poison control, E.A.W. was transported by ambulance to the pediatric intensive care unit at Children's Hospital at Erlanger.

28.

E.A.W. was examined in the emergency room and then admitted to pediatric intensive care unit at Children's Hospital at Erlanger for impeding cardiovascular failure and further evaluation and management of her Clondine overdose.

29.

E.A.W. was closely and continuously monitored throughout the night and was finally released on March 22, 2015.

30.

E.A.W.'s traumatic hospital experience has resulted in an extreme regression of E.A.W.'s development progress, both behaviorally and mentally.

31.

Following the hospital event, E.A.W. has exhibited heightened anxiety and severely intense sensory processing issues.

32.

E.A.W. continues to suffer daily from the traumatic effects of hospital stay as a result of the overdose.

<u>COUNT ONE</u>
<u>NEGLIGENCE OF DEFENDANTS JERRY GRIMMITT AND JOHN DOE #1</u>

33.

Plaintiff re-alleges each and every preceding paragraph as if fully restated and set forth herein.

34.

Defendant Jerry Grimmitt was employed as a pharmacist at Longley Pharmacy on or about March 30, 2015.

35.

Defendant Jerry Grimmitt improperly filled and compounded the prescription for E.A.W.

36.

John Doe #1 was employed as a pharmacist or pharmacist technician at Longley Pharmacy on or about March 30, 2015.

37.

John Doe #1 improperly filled and compounded and/or assisted with the filling and compounding of the prescription for E.A.W.

38.

By failing to fill and/or compound E.A.W.'s prescription with the exact medication and dosage provided to them by her prescribing physician, Defendants

have failed to exercise the degree of care and skill required by a pharmacist filling prescriptions and dispensing medications.

39.

An affidavit stating and recounting Defendants professional negligence pursuant to O.C.G.A. §§ 9-11-9.1 and 24-9-67.1 is filed herewith and attached as Exhibit "C"

40.

As a proximate cause of Defendants' negligence and deviation from the standard of care as outlined above, E.A.W. incurred medical expenses, experienced extreme pain and suffering, and emotional distress.

41.

To the extent the care and services outlined above were or should have been administered or provided by non-professionals and did not require the exercise of expert professional judgment, Defendants, by and through their non-professional agents and employees, were negligent in failing to exercise ordinary care in filing E.A.W.'s prescription as outlined above.

42.

The negligence of Jerry Grimmitt and John Doe proximately caused the injuries to E.A.W. and are therefore liable to plaintiff.

## COUNT TWO
## RESPONDEAT SUPERIOR LIABILITY OF
## ROCKY TOP PHARMACY, INC. d/b/a LONGLEY PHARMACY

### 43.

Plaintiff re-alleges each and every preceding paragraph as if fully restated and set forth herein.

### 44.

At the time of their negligence and malpractice, the aforementioned pharmacists were in the course and scope of their employment and/or as agents of Rocky Top Pharmacy Inc. d/b/a Longley Pharmacy.

### 45.

Rocky Top Pharmacy, Inc. d/b/a Longley Pharmacy are therefore liable for the negligent acts and omissions of its pharmacists.

## COUNT THREE
## ATTORNEY'S FEES AND EXPENSES OF LITIGATION

### 46.

Plaintiff re-alleges each and every preceding paragraph as if fully restated and set forth herein.

47.

Defendants have refused, and continues to refuse, each of Plaintiff's attempts to resolve this matter.

47.

Pursuant to O.C.G.A. § 13-16-11, Plaintiffs seek to recover the expenses of litigation because Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

**WHEREFORE,** having filed her Complaint, Plaintiff respectfully requests that this Court grant it the following relief:

(a) That Plaintiff have a trial by jury;

(b) That the Plaintiff recover money damages for her pain and suffering, emotional distress, and special and general damages in an amount determined by the enlightened conscious of an impartial jury;

(c) That Plaintiff recover all expenses, costs, and attorney's fees of this litigation; and

(d) That Plaintiff have such other and further relief as the Court seems just and proper.

This 12th day of July, 2016.

**O'DELL & O'NEAL, P.C.**

*s/ Justin O'Dell, Esq.*

Justin O'Dell, GA Bar No. 549414

Leslee Hungerford, GA Bar No. 423578
Counsel For Plaintiff

**O'DELL & O'NEAL, P.C.**
506 Roswell Street, Suite 210
Marietta, Georgia 30060
E-MAIL: JBO@Odelloneal.com
TEL: (770) 405-0164
FAX: (770) 293.0007

**Pediatrics**
1900 Centracare Circle
Suite 1300
Saint Cloud MN 56303
Ph: 320-654-3610

Date: 02/27/2015
Name: Elsie A Wood (MRN:10081733)
Address: 13595 JOSEPH AVE
BECKER, MN 55308
DOB: 02/12/2012

Order ID: 143423473

Pharmacy: COBORNS #2008 - CLEARWATER, MN - 705 COUNTY ROAD 75
Phone: 320-558-2454 Fax: 320-558-4575

Allergies: Review of patient's allergies indicates no known allergies.

Patient Sex: F

RX: cloNIDine (AKA: CATAPRES) 20 mcg/ml oral Solution
Route: oral

Qty: *15 (Fifteen) Each          Refill: *0 (Zero)*

Sig: Take 2.5 mL by mouth Daily at bedtime.
DAW: No

Start Date: 2/27/2015
End Date:

Administration Instructions

Order Comments: Please fill for 15 days.

Signed by: _Watkin mD_

Watkin, Dove D, MD
NPI #: 1629069778

EXHIBIT A







**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **LAURA and BEN WOOD., as** | ) | |
| **parents and natural guardians** | ) | |
| **of E.A.W., a minor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | |
| | ) | _____ |
| **ROCKY TOP PHARMACY, INC.** | ) | |
| **d/b/a LONGLEY PHARMACY,** | ) | |
| **JERRY GRIMMITT, and** | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF LARRY BRADEN

Personally appeared before the undersigned officer duly authorized by law to administer oaths, Larry Braden, who after being sworn, deposes and says on oath:

1.

My name is Larry Braden.  I am sui juris and competent in all respects to testify regarding the matters set forth h

erein.

2.

I am licensed by the Georgia Board of Pharmacy to practice as a pharmacist in the State of Georgia. I am an actively practicing pharmacist and

have been an actively practicing pharmacist for the last 51 years.

3.

I am familiar with the reliable principle procedures and practices for pharmacists. My curriculum vitae is attached hereto as Exhibit "A".

4.

This affidavit is based upon sufficient facts as found in the medical records provided to me and the application of the reliable principle procedures and practices as they apply to those facts.

5.

It is a pharmacist's responsibility and duty to exercise care and due diligence to ensure that prescriptions are filled with the exact medication and dosage provided to them by the prescribing physician.

6.

Upon review of the facts of the matter as provided in the medical records, it is my opinion as an expert in my field, that pharmacist(s) Jerry Grimmitt and/or John Doe failed to exercise the care and due diligence required of a

pharmacist when he negligently filled E.W.'s clonidine prescription at the dosage of 6.25 *milli*grams instead of the prescribed dosage of 50 *micro*grams, one hundred and twenty-five times the prescribed dose. This negligence and violation of the duty of care proximately caused harm to the minor child, E.W.

Larry Braden

Sworn to and subscribed before me this 21st day of June, 2016.

Notary Public

# Larry L. Braden, R.Ph, D.Sc.

| | |
|---|---|
| Home: | 80 Old Mountain Road<br>Powder Springs, Georgia 30127 |
| Office: | 4344-B Southside Drive<br>Acworth, Georgia 30101 |
| Phone: | 770-974-5234 |
| Fax: | 770-974-3028 |
| Email: | lbraden@laceydrug.com |

**Employment:**   1965-Present:  President, Lacey Drug Company, Inc., which operates three pharmacies in the metro-Atlanta area. The pharmacies specialize in meeting the unique needs of patients by working with other health care providers.  Services include compounding specific medications, coordinating with the caregiver team, providing home medical equipment and services, home-infusion services, and medication systems for assisted living facilities, nursing homes and hospices.

The company's compounding pharmacies meet the requirements of the United States Pharmacopeia and one is nationally accredited by the Pharmacy Compounding Accreditation Board. It was the second such pharmacy in the state of Georgia to meet the national credentials standards.

**Other Business**

**Affiliations:**   1978-1996 Executive Vice-President, Georgia Pharmacy Association. GPhA is one of the oldest professional associations of pharmacists in America.  During the tenure, the organization was transformed from a staff of two to a staff of thirty-two.  Served as editor, Georgia Pharmacy Journal; directed the creation of and managed a health insurance trust; directed the creation of and managed a tax-exempt foundation for education and research; and a for-profit subsidiary of the association.

Consultant to various firms on matters related to community pharmacy and the pharmaceutical industry.

Expert/Fact witness in litigation

Was an organizer of and served on the Board of Directors of Allatoona Federal Savings Bank.

Braden Properties—Real Estate Investments

Exhibit "A"

| | |
|---|---|
| **Professional Affiliations:** | American Pharmaceutical Association; various committees<br>Georgia Pharmacy Association<br>International Federation of Pharmacists<br>National Community Pharmacists Association; various committees<br><br>Former President, National Council of State Pharmaceutical Association Executives<br>United States Pharmacopeia:<br>• Board of Trustees 2000 - 2010<br>• Chairman – Board of Trustees 2002 -2005<br>• Delegate 1995 and 2000; Chair and Member Various Committees<br>• Treasurer 2005 -2010<br>Board Member – Chip Rewards Corporation<br>Board Member – Compliant Pharmacy Alliance<br>Member—Emory University Center for Injury Control Drug Safety Task Force<br>Former member of various advisory committees to pharmaceutical manufacturers |
| **Civic Affairs:** | Member, Board of Trustees, Mercer University; 1998 - 2003<br>Former Chairman, Georgia Partnership for Caring, an organization Providing healthcare to the state's uninsured<br>Former member, Acworth, Georgia City Council<br>Former Chairman, Planning and Zoning Commission, City of Acworth<br>Present and former member of various civic organizations |
| **Awards:** | Recipient, Bowl of Hygeia Award, 2005<br>Distinguished Service Award<br>University of Georgia College of Pharmacy<br>V. Carlton Henderson Award<br>For Outstanding Personal and Professional Achievement<br>Mercer University<br>Dean's Award<br>Mercer University<br>Georgia Pharmacy Association Meritorious Achievement Award (renamed the Larry L. Braden Meritorious Achievement Award, 1997) |
| **Publications:** | Editor, <u>Georgia Pharmacy Journal</u>, 1978-1996<br>Numerous Articles and Papers in the Professional, Business, Managed Care and Lay Press |
| **Education:** | Young Harris College: 1960-1962<br>Pharmacy Degree, Mercer University School of Pharmacy, 1965 |

Doctor of Science Degree, Mercer University, 2004

Personal:          Born, September 3, 1942; Brunswick, Georgia
                   Two children, four grandchildren, wife Carol.